Mrs. Lola Nabors, Plaintiff in Error,

*v.*

Mrs. Ruth Keaton, Defendant in Error.

393 S.W.2d 382.

*(Nashville,* December Term, 1964.)

Opinion filed September 10, 1965.

Charles Galbreath, Nashville, for plaintiff in error.

Howard F. Butler, Nashville, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

In the petition to rehear certain matters of law have been called to our attention not heretofore cited by counsel which requires that we withdraw our original opinion and the opinion on the first petition to rehear and substitute in lieu and in place thereof this opinion. It will be necessary, of course, to reconstruct this opinion so as to respond to the requirements of the law, which, as indicated above, have been called to our attention for the first time by counsel for the plaintiff in error.

This suit was originally commenced as ''an action for damages in the amount of $50,000.00 in a suit of alienation of affections'' as stated in the summons.

Her declaration increased the damages sought to $100,000.00. Upon motion properly made by the defendant in the lower court, this discrepancy was brought to the attention of the court and was resolved by the plaintiff amending the summons to conform with the damages set out in the declaration.

The court then sustained the plea that the suit was barred by the statute of limitations of one year, appli-

cable to actions for criminal conversation, T.C.A. sec. 28-304. The lower court evidently construed this action to be one for criminal conversation and not one for alienation of affections to which the three year statute of limitations is applicable, T.C.A. sec. 28-305.

The declaration alleges that on the 19th day of April, 1962, Mrs. Nabors confronted Mrs. Keaton with the statement that she knew of the improper relation between Mrs. Keaton and her husband, and, further, that the defendant on that occasion admitted that she was "at fault". The declaration then alleges:

Shortly thereafter [April 19, 1962], on the 2nd day of May, 1962, the defendant promised in writing that she would see to it that the situation would be straightened out and gave the plaintiff every assurance that sexual intercourse would no longer be indulged in with Mr. Nabors. * * * A few months after the promises to leave her husband alone were made by the defendant, said promises were broken and the defendant again commenced to contact the husband of the plaintiff, and did follow him about, and telephone him and arrange meetings until finally she succeeded and the illicit relations were resumed.

There was also an amendment to the declaration, which upon consideration has to be considered as the second count of the original declaration, and in it the plaintiff charged, in substance, that the defendant had been engaged in some type of sexual perversion with plaintiff's husband and that this, in effect, was an aggravation of the charge of alienation of affections.

In affirming the action of the trial court in applying the statute of limitations to this case on the basis it was a

suit for criminal conversation and not one for alienation of affections, we relied upon *Scates v. Nailling,* 196 Tenn. 508, 268 S.W.2d 561 (1954), which held that in an action of alienation of affections where all counts of the declaration were based on criminal conversation, the charge of alienation of affections was merely incidental and would be considered only in aggravation of damages. It was then held in that case that the one year statute of limitations on suits for damages for criminal conversation applied.

We also relied upon the case of *Rheudasil v. Clower,* 197 Tenn. 27, 270 S.W.2d 345, 46 A.L.R.2d 1083, (1954), which was an action by the husband to recover damages from Clower for alienation of his wife's affections. Clower demurred to the one count declaration, as amended, on the ground it showed that the one year statute of limitations barred the action. In that case, as here, the two questions presented were: (1) When did the cause of action arise?; and (2) Which statute of limitations applied? There, as here, the suit was instituted about eighteen months after the offended spouse had knowledge of the cause of action.

In the case of *Darnell v. McNichols,* 22 Tenn.App. 287, 122 S.W.2d 808 (1938), it was held that actions for criminal conversation and alienation of affections are "founded on the injury to the right of consortium."

■■ The holding in this case was approved in Rheudasil and then the term "criminal conversation" was defined to mean "adulterous relations between the defendant and the spouse of the plaintiff." Alienation of affections may, or course, be brought about without adulterous conduct and it could be brought about, as alleged in this case, through some sort of sexual perversion. In

considering the loss, if any, to the plaintiff, the result should be the main consideration and not the method employed to alienate affection.

In *Scates v. Nailling,* supra, it was held that in an action of alienation of affections where all counts of the declaration were based upon criminal conversation, the charge of alienation of affections was merely incidental and would be considered in aggravation of damages. It was held that the one year statute of limitations relating to criminal conversation applied in that case. The gravamen of the charge in that case was considered to be criminal conversation.

In *Rheudasil v. Clower,* supra, the court was dealing with a cause of action that arose on March 5, 1951, and the statute of limitations of one year for the bringing of an action for criminal conversation was applied upon the theory that alienation of affections would necessarily be a part of criminal conversation and, therefore, the lesser, alienation of affections, was included in the greater, criminal conversation.

By the Code supplement of 1950, which became effective on January 1, 1952, the time for bringing actions of damages for alienation of affections was definitely established as "and actions for alienation of affections, shall be commenced within three (3) years from the accruing of the cause of action." The cause of action in the case at bar accrued, according to the declaration on the 19th day of April, 1962. The suit was commenced on October 4, 1963, which, of course, was within the three year period from April 19, 1962.

Therefore, the Court was not dealing with the present statute of limitations when the opinion in the *Rheudasil*

*v. Clower* case was written. By the amendment contained in the Code supplement of 1950, as aforesaid, we are now required to apply the three year statute of limitations to the commencing of an action for alienation of affections and this is the difference between the Rheudasil case and the case at bar. The amendment aforesaid was either not called to the attention of the Court or was overlooked in the preparation of the opinion in said case.

We are now constrained to hold that the declaration filed herein is sustainable as one for alienation of affections and the statute of limitations of three years is applicable. The petition to rehear is granted. The action of the trial court in sustaining the plea is reversed and this case is remanded for further plea and action not inconsistent with this opinion.

Reversed and remanded.