BROIDIOI *v.* HALL.

(*Nashville,* December Term, 1948.)

Opinion filed March 11, 1949.

H. N. WRIGHT, ROBERT F. TURNER and WARD R. CASE, JR., all of Jamestown, for plaintiff in error.

J. B. REAGAN, of Jamestown, and E. G. TOLLETT, of Crossville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit for damages brought by Hall against Broidioi, (1) for criminal conversation, and (2) alienation of Hall's wife's affections. In the trial court judgment was rendered for the plaintiff in the sum of $750, and that judgment has been approved by the Court of Appeals. We granted *certiorari*, have heard argument and the case is before us for disposition.

■ ■ To support the petition for *certiorari*, there were three assignments of error but we find it necessary to consider only the first, which is,—that the cause of action was barred by the one-year statute of limitation, Code section 8595. The declaration, as amended, based the right of action on alleged criminal conversation so that the further charge of alienation of affections was

incidental, *Stepp* v. *Black,* 14 Tenn. App. 153, 156, and was only to be considered in aggravation of damages. *Darnell* v. *McNichols,* 22 Tenn. App. 287, 122 S. W. (2d) 808. The declaration was not divided into counts as in *Stepp* v. *Black, supra,* and there was no count based specifically on alienation of affections "with malice or improper motives." The applicable statute of limitations was, therefore, clearly that contained in Code section 8595, for criminal conversation. Both the trial judge and the Court of Appeals have correctly applied that statute of limitations to this action.

■ We agree with the Court of Appeals that "loss of consortium," which is the basis of the action, is gradual and not in the usual case, to be fixed as having occurred at a specific date or instant. But we are convinced that the statute of limitations begins to run when from the conduct of the erring spouse, or otherwise, the other spouse knows that he or she has a cause of action, or as Chief Justice Neil put it in *Henwood* v. *McCallum & Robinson, Inc.,* 179 Tenn. 531, at page 535, 167 S. W. (2d) 981, at page 982: ". . . the courts uniformly hold that a right of action generally accrues when the complainant can bring suit to recover a sum of money . . . ."

It results that, though we agree with the two lower Courts that the statute contained in section 8595 of the Code is applicable, we disagree with them in fixing the time at which the right of action accrued under the statute.

No issue of fact was left for the determination of the jury, but the point was concluded by the testimony of the plaintiff, himself. He testified (1) that before he moved his wife and five children on to the defendant's farm, he knew that his wife and the defendant were at-

tracted to one another, as he had seen them together. (2) That he, nevertheless, tendered his wife for further contact with the defendant by moving on to the defendant's farm as a tenant in 1940, and that shortly thereafter, but continuously, he had evidence of the intimacy of the relation of his wife with the defendant. The following testimony of the plaintiff is conclusive upon the point:

"Q. When did you say you moved on the defendant's farm? A. 1940, the best I can remember it.

"Q. Are you sure it was in 1940? A. Yes.

"Q. And I believe you state that soon after you moved there you noticed as you thought something wrong going on between your wife and the defendant? A. Yes.

"Q. How long was it after you moved on defendant's farm before you noticed this? A. About a year afterward. Noticed they liked each other too well. He hung around her in the kitchen. Tried to goose her, and noticed other things . . .

"Q. *You spoke of something that you say took place in 1941, was it back in 1941 soon after you moved on defendant's farm, or when did you first know or decide your wife had no affection or did not care for you?* A. *Yeah, little while after we moved to Broidioi farm, about 1941.*" (Emphasis ours.)

 These admissions which were unqualified by any other testimony, are conclusive on the question of the plaintiff's knowledge of the state of his wife's affections as regards himself. The plaintiff states positively that he knew the condition of affairs in 1940 or 1941. The defendant did not leave for the army until 1944, so that excluding the year or more which the defendant spent away from Fentress County in military service, the right

of action was clearly barred when the suit was filed in the fall of 1945.

For the reasons stated, the judgment is reversed and the case dismissed at the cost of the plaintiff. Code section 9051; *New York Casualty Co.* v. *Lawson,* 160 Tenn. 329, 343, 24 S. W. (2d) 881.

All concur.