SCATES *v.* NAILLING.

(*Jackson,* April Term, 1954.)

Opinion filed May 21, 1954.

HEATHCOCK & ELAM, of Union City, for plaintiff in error.

SAM C. NAILLING, of Union City, for defendant in error.

Mr. JUSTICE BURNETT delivered the opinion of the Court.

This is a suit for damages brought by Mrs. Scates and against Miss Nailling. (1) for alienation of Mrs. Scates' husband's affections, (2) for criminal conversation, and (3) for enticing the husband of Mrs. Scates away from her unlawfully by alienating his affections. To the declaration a demurrer was filed setting forth three grounds to wit: (1) That the action is barred by the Statute of Limitations, (2) that the declaration does not allege that the husband had any affection for the defendant Nailling, and (3) that no cause of action exists to a married woman, none having existed at common law and none is created by the Married Women's Emancipation Act, Code, Section 8460. The trial court sustained the demurrer and the matter has been seasonably appealed to this Court. Ex-

cellent briefs have been filed, arguments heard and we now have the matter for determination.

The Courts in various jurisdictions are not entirely in agreement upon some of the features of the question as to when the Statute of Limitations begins to run in an action for alienation of affections. It is generally agreed though among the authorities that such cause accrues and the Statute of Limitations begins to run thereon at the time of the loss of affections or the loss of consortium is sustained, rather than at the time of the defendant's misconduct causing such loss. See an excellant annotation on the subject in 173 A. L. R. 750, through 794, where cases from many States in the Union as well as England are ably digested.

It seems to us that it is not necessary to go outside of this State because, as we see it, this Court, in a very recent opinion by the late Mr. Justice Gailor, has decided the question. The case to which we have reference is *Broidioi* v. *Hall*, 188 Tenn. 236, 218 S. W. (2d) 737, 738. In this case we said:

"We agree with the Court of Appeals that 'loss of consortium,' which is the basis of the action, is gradual and not in the usual case, to be fixed as having occurred at a specific date or instant. But we are convinced that the statute of limitations begins to run when from the conduct of the erring spouse, or otherwise, the other spouse knows that he or she has a cause of action, or as Chief Justice Neil put it in *Henwood* v. *McCallum & Robinson, Inc.*, 179 Tenn. 531, at page 535, 167 S. W. (2d) 981, at page 982: ' * * * the courts uniformly hold that a right of action generally accrues when the complainant can bring suit to recover a sum of money * * *.' "

The *Broidioi* v. *Hall case,* supra, was a suit for damages for criminal conversation and alienation of affections. We held in that case that the applicable statute of limitations for a cause of the kind was contained in Code Section 8595 which is a one year statute. Because the proof in that case showed that the husband knew of the acts and attention of Hall to his wife in 1941 and did not bring action until 1945 his cause of action was barred. We further held, in the Broidioi case, that in an action on alleged criminal conversation that a further charge of alienation of affections was incidental and was only to be considered in aggravation of damages. It thus seems to us that the instant case is controlled by the Broidioi case. We have read all the authorities cited by counsel and have likewise made a rather extensive investigation because of the interesting questions raised. As heretofore said the authorities are in conflict and we feel that the Broidioi case fully controls any question here raised.

The declaration in its first count is for alienation of affections (a well drawn and well worded declaration) but this count of the declaration also avers that the defendant has been guilty of adultery with the plaintiff's husband. The declaration also shows that the defendant has been guilty of this conduct for a number of years prior to the institution of this suit. The basic ground or the gravamen in every count of the declaration, even though the three counts are separated, is the alleged acts of criminal conversation. Obviously, and as a practical matter, we know and must concede that under allegations as contained in this declaration that the acts of criminal conversation even though based on pure lust must contain a certain amount of alienation of affections. Since all counts are based or bottomed on criminal conversation

the further charges of alienation of affections, or enticing the husband away from his wife, are merely incidental to the charge of criminal conversation and should be and are considered by the courts of this State as merely in aggravation of damages. *Stepp* v. *Black,* 14 Tenn. App. 153, 156; *Darnell* v. *McNichols,* 22 Tenn. App. 287, 122 S. W. (2d) 808, and *Broidioi* v. *Hall,* supra.

''The general rule is that the statute begins to run against the cause of action for alienation of affections from the time that such cause of action is complete. One may institute an action of this kind immediately after the society, affection and conjugal fellowship or consortium of the husband or wife are lost, and the statute of limitations begins to run from such time and does not necessarily have reference to words or acts alleged to have been the cause of the alienation. The cause of action has been held to be complete, within the rule, when the plaintiff discovers his or her spouse in the act of adultery with the defendant.'' 27 Am. Jur., Sec. 541, Limitations, page 140.

The plaintiff in error very ably argues that after learning of the adulterous relationship between her husband and the defendant that she attempted a reconciliation and that thus the cause of action should be based at the time of the final alienation, after this reconciliation, which would bring the cause within the year. It is argued under this feature of the argument that the cause then should be considered like a cause of action for seduction wherein this Court has held, on numerous occasions, that under such a situation the statute begins to run against an action for seduction, where there is a promise of marriage, from the date of the last act and does not begin

with the first act. *Davis* v. *Young,* 90 Tenn. 303, 16 S. W. 473; *Heggie* v. *Hayes,* 141 Tenn. 219, 208 S. W. 605, 3 A.L.R. 150. After reading those cases it seems to us that the reasons back of a cause of action of the kind are entirely different from the alleged facts in the instant case. In seduction cases, each time the man would seduce the woman, it would be on a promise of marriage in the near future, in other words, there was a continued renewal promise for the act committed. Obviously under such a situation the statute should not begin to run from the first act but from the last act. Nowhere in the declaration, in the instant case, does the plaintiff intimate that her husband had any love or affection for the defendant. Everything as we see it, and the reasonable inferences therefrom as related in this declaration, is based on the illicit relationship between the plaintiff's husband and the defendant. The declaration does not allege that at any time he offered to leave the plaintiff for the defendant, but instead, they lived together until the summer of 1952, at which time the plaintiff secured a divorce from her husband.

A suit based on alienation of affections and criminal conversation "belonged to the same genus and have been regarded as essentially the same and for the same loss, namely, consortium, whether by way of alienation of affection or by criminal conversation." 27 Am. Jur., Sec. 536, page 137. This being true it seems clearly that under the allegations of this declaration that our case of *Broidioi* v. *Hall,* supra, is controlling under the argument here advanced.

The third ground of the demurrer was to the effect that the defendant had been guilty of criminal conversation with the plaintiff's husband and that his wife

had no right of action therefor due to her disability of coverture. This was clearly the rule at common law. This disability was removed by Statute, Code 8460. *Wilson* v. *Bryant,* 167 Tenn. 107, 67 S. W. (2d) 133. See authorities generally cited and collected in 27 Am. Jur., Sec. 535, page 135.

For the reasons heretofore stated we must affirm the action of the trial court.