RHEUDASIL *v.* CLOWER.

(*Nashville*, December Term, 1953.)

Opinion filed July 23, 1954.

ALEX BARNETT, of Memphis, for plaintiff in error.

HARDISON, WALTON & COLLINS, of Memphis, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This was an action instituted by Rheudasil to recover damages from Clower for alienation of his wife's affections. Clower demurred to the one count declaration, as amended, on the ground that this declaration disclosed it to be a fact that the one year statute of limitations barred the action. The two questions presented by Rheudasil's appeal in error are (1) when did the cause of action arise and (2) which statute of limitations applies.

The declaration, after alleging in some detail the pursuit by Clower of Rheudasil's wife over a long period of time, then avers that the result was to separate this husband and wife. She subseqently procured a divorce and married Clower. As a result of the affair between Clower and his wife, Rheudasil left her on March 5, 1951, returned on November 23, 1951, with final separation occurring on November 25, 1951. With reference to his separation of March 5, 1951, this husband's declaration says that at that time "it was very obvious to the plaintiff that he was losing the love, affection, and consortium of his wife because of the evil designs, diabolical ways, trickery, scheming, and the connivance on the part of the defend-

ant". This can only mean that the husband became aware not later than March 5, 1951 of the alienation of his wife's affections by defendant.

The husband contends that his cause of action did not arise until the last separation, November 25, 1951. His suit was instituted about ten months thereafter. Clower insists that it arose not later than March 5, 1951, it being alleged that the husband learned not later than that date of the wrong that Clower had done him. This date is approximately eighteen months before the husband instituted his suit. This controversy must first be settled.

In *Broidioi* v. *Hall*, 188 Tenn. 236, 238, 218 S. W. (2d) 737, 738, it was held that the statute of limitations in a case of this character begins to run when the "spouse knows that he or she has a cause of action". In *Scates* v. *Nailling*, 196 Tenn. 508, 268 S. W. (2d) 561, 562, Obion Law, decided on Marsh 21, it was held that an action of this kind may be instituted "immediately after the society, affection and conjugal fellowship or consortium of the husband or wife are lost". It follows that Rheudasil's cause of action arose eighteen months before he instituted suit. Is it barred by any of our statutes of limitations?

Our various statutes of limitations for "Actions Other Than Real" are carried in the Code commencing at Section 8592. An examination of these Code sections discloses the fact that the limitation applicable to an alienation of affection suit must either fall under the one year statute carried at Section 8595 or the ten year statute providing for "all other cases not expressly provided for" carried at 8601.

Since these statutes of limitations were enacted for the "peace of society", *Peck* v. *Bullard*, 21 Tenn. 41, 46, thus, "looked upon with favor as a statute of repose" *Patten*

v. *Standard Oil Co.*, 165 Tenn. 438, 446, 55 S. W. (2d) 759, 762, it is hardly logical that the legislature, had it thought of the matter, would have intended that an alienation of affection suit might be instituted at any time within ten years after the cause of action arose. This directs consideration, then, to the question of whether such an action can logically fall under Code Section 8595 providing that:

"Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, within one year after cause of action accrued."

■■ Actions "for injuries to the person," as used in Code Section 8595, mean actions for "bodily injuries". *Bodne* v. *Austin,* 156 Tenn. 353, 357, 2 S. W. (2d) 100, 62 A. L. R. 1410. If, therefore, an action for alienation of affection can be brought within this Code section it must be because of the inclusion within that Code section of "criminal conversation". Both actions are "founded on the injury to the right of consortium". *Darnell* v. *Mc-Nichols,* 22 Tenn. App. 287, 291, 122 S. W. (2d) 808, 810.

■■ "Criminal conversation" means adulterous relations between the defendant and the spouse of the plaintiff. Alienation of affections can be brought about without adulterous conduct. But the contrary does not reasonably seem to be true. That is, a spouse guilty of adulterous conduct with a third party has necessarily lost some of his or her affection for the innocent spouse. On the principle, therefore, that the greater includes the lesser, and because both actions are founded on the injury to the right of consortium, it is reasonable to conclude that when the Legislature provided that the one year statute

of limitations should apply to an action for criminal conversation, it understood such to include an action for alienation of affections.

We conclude, therefore, that the Trial Court properly adjudged this action for alienation of affections to have been barred by the one year statute of limitations carried at Code Section 8595. The judgment will be affirmed with costs assessed to Rheudasil and his surety.