**FREDERICK STEEL CO., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 16243.**

United States Court of Appeals
Sixth Circuit.

March 3, 1967.

Amended Opinion Filed April 28, 1967.

---

William R. Seaman, Cincinnati, Ohio
(William K. Hoskins, Cincinnati, Ohio,
on the brief; Frost & Jacobs, Cincinnati,
Ohio, of counsel), for petitioner.

C. Moxley Featherston, Dept. of Jus-
tice, Washington, D. C. (Louis F. Ober-

dorfer, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Michael Mulroney, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Under Internal Revenue statutes, the question whether losses incurred in prior years by a corporation may be used as carry-overs against income realized from an entirely different enterprise that was later transferred to the corporation, has, in the past, led to confusing and contradictory decisions by the Commissioner of Internal Revenue, and by the courts.

Congress, in its effort to remedy this situation, sought, in 1954, a new fully integrated revenue code. Both House and Senate Committees having the legislation for consideration reported, at that time, that "Present practice rests on *court-made law which is uncertain and frequently contradictory.* Moreover, whether or not the carry-over is allowed should be based on economic realities rather than upon such artificialities as the legal form of reorganization." (Emphasis supplied.) U.S.Cong. and Adm.News, 1954, Vol. 3, p. 4066 (House Report), p. 4683 (Senate Report).

Accordingly, after years of research, Congress adopted such a code in the Internal Revenue Code of 1954.

We are here concerned with the Internal Revenue Code of 1954 and the provisions thereof governing allowance of loss carry-overs.

The issue in this case is whether losses incurred by a corporation in the beer and ice business, which was discontinued in 1952, as well as losses incurred in carrying idle real estate previously used in those businesses, may be used as carry-overs for purposes of deductions in 1954 and later years, against income realized from an entirely different enterprise that was transferred to the corporation in 1954. Petitioning taxpayer contends that such losses may be used as carry-overs for purposes of deductions. The Com-

missioner of Internal Revenue denied such contention, and assessed deficiencies for the years 1954, 1955, 1956, and 1957, and the Tax Court upheld the main contentions of the Commissioner.

One section of the Internal Revenue Code of 1939, and four sections of the Internal Revenue Code of 1954 are here in question: Sec. 122 of the Revenue Act of 1939 (26 U.S.C. 1952 ed., Sec. 23); Sec. 172 of the Revenue Act of 1954 (26 U.S.C. 1958 ed., Sec. 172); Sec. 269 of the Revenue Act of 1954 (26 U.S.C. 1958 ed., Sec. 269); Sec. 381 of the Revenue Act of 1954 (26 U.S.C. 1958 ed., Sec. 381); and Sec. 382 of the Revenue Act of 1954 (26 U.S.C. 1958 ed., Sec. 382).

We shall discuss these various sections, in what we deem the appropriate order, regardless of the time of their enactment.

Section 269 deals with acquisitions of corporate control made to evade or avoid income tax. This section has been disposed of, contrary to the Commissioner's contention, by the finding of the Tax Court that there was a genuine business purpose in acquiring corporate control, and that such acquisition of control was not carried out in order to take advantage of the losses in question, but rather for the purpose of making a substantial profit on the transaction, which, however, "contrary to expectations, did not materialize." There is substantial evidence to sustain the finding of the Tax Court that the acquisition of control was not carried out to evade or avoid income tax, and, certainly, the findings were not clearly erroneous.

However, the Tax Court held that the deductions claimed by the Taxpayer must be disallowed "on the other ground" which, from the recital in the opinion of the Tax Court, appears to mean that the deductions must be disallowed on the ground that the losses in question may not be used as carry-overs, under Section 122 of the Internal Revenue Code of 1939, since it supports its view by a discussion of, and reliance on, the case of Libson Shops, Inc. v. Koehler, 353 U.S. 382, 77 S.Ct. 990, 1 L.Ed.2d 924, which, as the Government contends in the in-

stant case, "was decided under the statutory language of Section 122 of the 1939 Code." [1]

The reason, then, that the Tax Court disallowed the deductions sought by petitioning taxpayer was on grounds other than Section 269 of the Revenue Code of 1954, and those grounds were stated as follows: "The *Libson Shops* case [supra] and a number of decisions following it in a wide variety of situations have spelled out a requirement of continuity of business enterprise—that losses growing out of one business may not be carried forward to be applied in later years against income derived from an entirely different business. The Court in *Libson Shops* noted that the statutory provisions were enacted so as to allow a business to avoid the harsh consequences of taxing income on an annual basis; ' * * * [they were] designed to permit a taxpayer to set off its lean years against its lush years, and to strike something like an average taxable income computed over a period longer than one year.' " 42 T.C. 13, 21.

Having thus outlined the law considered to be applicable, the Tax Court applied it to the facts in this case in the following manner:

"The tax years before us are 1954–1957, and the only operating income realized by petitioner during those years was derived from its business as a finished steel jobber, a business which petitioner acquired in 1954 and which was entirely unrelated to the beer and ice business. The only other

income of petitioner during the period 1954–1957 was the $201,055.74 profit upon its sale of the former Donal assets in 1954; these assets related to an electrical tool business theretofore carried on by another corporation and had no connection whatever with the beer and ice business. The rationale of the foregoing decisions requires us to hold that the pre-1954 losses which grew out of an entirely different enterprise may not be carried over in computing net operating loss deductions in the circumstances before us." 42 T.C. 13, 22.

Obviously, then, the Tax Court decided the case under the so-called "Continuity of Business Enterprise Doctrine," as delineated by the Supreme Court in *Libson Shops, Inc.* v. *Koehler, supra,* and other cases mentioned in the Tax Court's opinion, and in accordance with Section 122 of the 1939 Code.

Petitioner taxpayer contends that the Internal Revenue Code of 1954 changed the 1939 Code, and the applicable law; that the 1954 Code applies in this case; and that *Libson Shops, Inc.,* decided under the 1939 Code, *does not now apply,* with its "Continuity of Business Enterprise Doctrine," to this case.

With regard to the foregoing contention of petitioner taxpayer, we are here concerned with Section 122 of the 1939 Internal Revenue Act, and Section 172 of the 1954 Code.

Section 122 of the 1939 Code is the predecessor of Section 172 of the 1954 Code which creates the carry-over deduc-

---

1. SEC. 122 [as added by Section 211(b), Revenue Act of 1939] NET OPERATING LOSS DEDUCTION.

(a) [as amended by Section 105(e) (3) (A), Revenue Act of 1942, c. 619, 56 Stat. 798] *Definition of Net Operating Loss.*—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

(b) [as amended by Sec. 153(a), Revenue Act of 1942, supra, and Sec. 215(a), Revenue Act of 1950, c. 994, 64 Stat. 906]
* * * * *

(2) *Net operating loss carry-over.*
* * * * *

(B) *Loss for Taxable Year Beginning After 1949.*—If for any taxable year beginning after December 31, 1949, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-over for each of the five succeeding taxable years, except that the carry-over in the case of each such succeeding taxable year (other than the first succeeding taxable year) shall be the excess, if any, of the amount of such net operating loss over the sum of the net income for each of the intervening years computed—

tions; but the latter section and accompanying sections of the 1954 Code constitute a substantial revision of Section 122 of the 1939 Code. In commenting on the change wrought by Section 172 of the 1954 Code, it was said in *Maxwell Hardware Company* v. *Commissioner*, 343 F.2d 713, 718 (C.A.9) that "it was the clearly expressed intention of Congress to attempt to bring some order out of chaos, and, in effect, to countenance 'trafficking' in operating loss carry-overs except as affected by the special limitations of Section 382 and the general limitations of Section 381" of the 1954 Code.

Returning to a summary of the statutory provisions before us, Section 122 of the 1939 Code provides that if the *taxpayer* has a net operating loss, it shall be a net operating loss carry-over.

Section 172 of the 1954 Code provides that a net operating loss shall be a net operating loss carry-over—without mention of the *taxpayer's* having sustained such a loss. In *Maxwell Hardware*, the court held that, under Section 172, the corporation (which was the taxpayer) was entitled to utilize the loss carry-over, *even though it was not the same business enterprise that had sustained the loss*.

Section 381 of the 1954 Code provides for the survival of net operating loss carry-overs from one corporation to its successor, when their assets are combined in a tax-free reorganization, or merger (Section 368). In this case it does not matter that the bundle of assets which produced the losses did not contribute to the subsequent profits. Section 381 does not affect the right of petitioner, in this case, to claim the net loss carry-over in question, but, on the contrary, provides that such carry-over survives.

Section 382 of the 1954 Code, insofar as here applicable, provides for disallowance of net operating loss carry-overs when two factors occur—when there has been both a 50% change in value of stock ownership, and a change in the nature of the business.

Both factors—change of nature of the business and change in ownership—are determined at the close of the taxable year for which benefit of the deduction is sought; and the *change of ownership* is measured by comparison with the beginning of that taxable year or the prior taxable year, or (by virtue of Section 394 (b) of the 1954 Code) June 22, 1954, whichever occurs later; and the *change of business*, by comparison with the business carried on prior to the change of ownership.

■ In the instant case there was, then, a change in the nature of the business; but the second factor is lacking— a change in the ownership of the business within the period specified in the statute.[2] Accordingly, under the provisions of Section 382, the net operating loss carry-over is not here to be disallowed to petitioner.

■ In answer to certain contentions of the Commissioner, it is to be observed that Section 382(a) is effective as to taxable years ending after June 22, 1954. See Section 7851(a) (1) (C) and Section 395(a) of the Code of 1954. We are here concerned with taxable years ending December 31, 1954, and subsequent years. Section 382 is, therefore, applicable to the taxable years here in question.

■ The *amount* of the net operating losses giving rise to the carry-overs here involved is to be determined under the 1939 Code, since whether a net operating loss occurs depends upon the law of the year of the purported loss; but the *allowance of the operating loss deduction* is governed by the year for which it is claimed.

2. We emphasize that our decision here does not conflict with what we have said in Fawick Corporation v. C.I.R., 342 F.2d 823 (C.A.6, 1965) and Euclid-Tennessee, Inc. v. C.I.R., 352 F.2d 991 (C.A.6, 1965), both announced after the Tax Court decision which we here review. In each of these cases, the change in ownership occurred at such time as to call for the operation of § 382(a) (1) (C). Such is not the situation here.

As to any rule against raising new issues on appeal, we are of the view that the merits of petitioner's contention should be passed upon.

"The issue raised is purely one of law requiring no new or amplified factual determination. The question is simply the proper interpretation and application of the statute to determine the taxes due. The fact that the issue was not raised in the petition to the Board is immaterial and, under the circumstances here present, we have jurisdiction of the issue." Black Motor Co. v. Commissioner of Internal Revenue, 125 F.2d 977, 980 (C.C.A.6).

Other contentions made on this appeal are unnecessary to consider in our determination.

In accordance with the foregoing, the decision of the Tax Court that petitioner was not entitled to deduct in the years 1954–1957, net operating losses incurred in the years 1950–1953, is reversed, and the case is remanded for entry of decision consonant with this opinion.