**Mildred STONE, Appellant,**

v.

**Anna HINDS, Appellee.**

Court of Appeals of Tennessee,
Western Section.

June 3, 1976.

Certiorari Denied by Supreme Court
Sept. 7, 1976.

Robert J. Shockey, Chattanooga, for appellant.

Robert W. Ritchie, Knoxville, for appellee.

NEARN, Judge.

This is an alienation of affection suit which was disposed of below by the granting of a motion for summary judgment made by the defendant. In granting the motion the Trial Judge found that the statute of limitations, T.C.A. § 28–305, barred plaintiff's claim.

■ Summary judgment procedure is not a substitute for a trial. It is only when there is no disputed issue of material fact that a summary judgment should be granted. If such fact issue is present, the matter must not be resolved by a battle of affidavits, but must be resolved by a trial on the merits. *Evco Corp. v. Ross* (1975 Tenn.) 528 S.W.2d 20; *Layhew v. Dixon* (1975 Tenn.) 527 S.W.2d 739.

With this rule in mind we have examined the record before us and find that the complaint alleges that in December 1971, it "became apparent to plaintiff that defendant had commenced a course of action whereby she alienated the affection of plaintiff's husband."

By motion for summary judgment, defendant charged that plaintiff's claim was barred by the statute of limitations and attached supporting affidavits and depositions.

The pleadings, affidavits, counter-affidavits and depositions admit or concur in the following:

(1) On May 20, 1970, the plaintiff's husband left home following an argument with plaintiff.

(2) In July 1970, plaintiff learned of a close relationship between her husband and the defendant.

(3) On August 21, 1970, plaintiff's husband returned home.

(4) On September 28, 1972, plaintiff's husband again leaves home.

(5) On February 12, 1973, plaintiff's husband files suit for divorce.

(6) On September 19, 1974, this suit for alienation of affection is filed by plaintiff.

■ T.C.A. § 28–305 provides that a suit for alienation of affection is barred unless it is "commenced within three (3) years from the accruing of the cause of action." The phrase "from the accruing of the cause of action" means from the time when the plaintiff knew or reasonably should have known that a cause of action existed. *Broidioi v. Hall* (1949) 188 Tenn. 236, 218 S.W.2d 737; *Teeters v. Currey* (1974 Tenn.) 518 S.W.2d 512; *McCroskey v. Bryant Air Conditioning Company* (1975 Tenn.) 524 S.W.2d 487.

Counsel for plaintiff does not contend that the suit is based on any alienation of affection that occurred prior to August 21, 1970, but is based on that alienation that occurred subsequent to the alleged reconciliation of the parties on August 21, 1970. In our opinion this is the only tenable position that plaintiff may take, for as we view the record, plaintiff has admitted that she was aware of an alienation of affection by the defendant prior to the alleged reconciliation.

■ The threshold issue then is whether a second, new and separate alienation of affection by the same person as the first is barred by the statute of limitations when such second alienation reaches maturity more than three years after the first. We hold it is not. If, in fact, there has been a reconciliation of the husband and wife after the first known alienation, and subsequent thereto, an alienation of the new affectionate relationship takes place, a new cause of action may accrue for the new wrongful act, and the time for commencing an action begins from the accrual of the new cause of action.

Counsel for defendant strongly relies upon the case of *Rheudasil v. Clower* (1954) 197 Tenn. 27, 270 S.W.2d 345, for the proposition that plaintiff's cause of action was barred in July of 1973, which was three years after plaintiff alleges she first learned of the alienation. We believe this reliance is misplaced. The *Rheudasil* case

arrived in the Supreme Court from an order sustaining a demurrer. Only the pleadings were before the Court. In paraphrasing the declaration, the Court observed that the plaintiff husband left his wife on March 5, 1951, returned on November 23, 1951, with final separation occurring on November 25, 1951. Then, the Court in describing the separation of March 5, 1951, quoted directly from the declaration as follows:

" 'it was very obvious to the plaintiff that he was losing the love, affection, and consortium of his wife because of the evil designs, diabolical ways, trickery, scheming, and connivance on the part of the defendant'."

The Court then held that the one year statute of limitations then applicable barred the action. There is nothing in the Court's Opinion that would indicate that the pleadings alleged a reconciliation and a re-establishment of an affectionate relationship between husband and wife after the March 5, 1951, separation.

Absent a claim of reconciliation, there could be no other commencement date for the beginning of the running of the statute other than the March date, for that is the date upon which the plaintiff learned of the cause of action. As we read the Opinion, no new tort was alleged to have been committed.

In the case of *Donnell v. Donnell* (1967) 220 Tenn. 169, 415 S.W.2d 127, which was an alienation of affection suit, but did not involve the statute of limitations, the Court observed that the tort could be committed even though the married parties were separated at the time of the alienation, because one spouse has the right to the possibility of regaining the conjugal society and affection of the other spouse. In this case the plaintiff avers that she had regained that conjugal society and affection only to again have it alienated by the same party. In effect plaintiff avers that the possibility spoken of in *Donnell* became a reality in this case, only to become irretrievably lost by new acts of the defendant.

We now return to the pleadings, affidavits, etc., of this case.

In ruling on motions for summary judgment both the Trial Court and this Court must consider the matter in the same manner as a motion for a directed verdict made at the close of plaintiff's proof; i. e., we must view all affidavits in the light most favorable to the opponent of the motion and draw all legitimate conclusions of fact therefrom in that favor. If after so doing a disputed issue of material fact is made out, the motion must be denied.

We have applied this rule to this case and we find it controverted as to whether an actual reconciliation was established between the parties. The plaintiff says it was and that this re-established affectionate relationship between herself and her husband was alienated by the defendant. The husband's affidavit filed by the defendant is to the effect that the reconciliation was not one in fact but was one of convenience to assuage embarrassment suffered by their daughter and that there never was any affectionate relationship re-established to be re-alienated, and that plaintiff well knew it.

This appears to us to be a controverted material fact. And until it is resolved no ruling can be made regarding the statute of limitations. Therefore, the disputed factual issue must be submitted to the jury under a proper charge of the Court.

We therefore hold that the Trial Judge erred in granting the motion. Since no other attack is made upon these proceedings except as herein mentioned, the order sustaining the motion for summary judgment is overruled and the cause remanded for further proceedings.

CARNEY, P. J., and MATHERNE, J., concur.