Jack HELLER and J. W. Heller
Corporation

v.

Helen SMITHER and Smither's Antiques.

No. 76–04–NA–CV.

United States District Court,
M. D. Tennessee,
Nashville Division.

March 1, 1977.

Scott Daniel, Murfreesboro, Tenn., for plaintiff.

Matt B. Murfree III, Murfreesboro, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

Plaintiff brought this action for slander on January 7, 1976,[1] as a result of certain allegedly defamatory remarks purportedly uttered about his business practices by defendant. The remarks were allegedly made at an antique show in Murfreesboro, Tennessee during June 18–21, 1974. Jurisdiction is asserted under 28 U.S.C. § 1332, the parties being citizens of different states and the amount in controversy allegedly exceeding $10,000.00.

Defendant has filed a motion to dismiss, alleging that the state statute of limitations applicable to actions for slander, T.C.A. § 28–303,[2] which requires that suit

---

1. The record discloses that plaintiff first filed an action based on the facts out of which the instant case arose on June 19, 1975, in the Circuit Court of Rutherford County, Tennessee. Thereafter, in November of 1975, plaintiff took a voluntary non-suit in the state court action, filing the present suit two months later.

2. In diversity actions such as this, the district court must apply the substantive law of the

be brought within six months of the alleged defamatory utterance, stands as a bar to the maintenance of the present action.[3]

Plaintiff concedes that under Tennessee law as it existed prior to 1974, defendant's position would undoubtedly be correct, since the alleged remarks were made in June of 1974, and the first action for slander was not brought until June of 1975,[4] a full year later. He contends, however, that under the rationale of *Teeters v. Currey,* 518 S.W.2d 512 (Tenn.1974), decided by the Tennessee Supreme Court on December 9, 1974, the running of the limitations period does not commence until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, that he has been defamed. Thus, plaintiff maintains, since he did not discover that the alleged defamatory remarks had been made by plaintiff until May 20, 1975, that date should mark the commencement of the limitations period. The defendant argues that the *Teeters* rationale, enunciated in a medical malpractice action arising under T.C.A. § 28–304, has no application to a suit for slander which is governed by a different limitations statute.

An examination of *Teeters* and its progeny should be helpful in determining its applicability to the controversy at bar. In *Teeters,* the plaintiff brought suit against a physician for improperly performing a bilateral tubal ligation on her some two and one-half years before she became pregnant. She commenced the action for medical malpractice, which was governed by the one-year limitations statute in Tennessee, T.C.A. § 28–304,[5] more than three years after the operation, but approximately eleven months after discovering her pregnancy. The Tennessee Supreme Court, in a marked departure from prior case law, ruled that the "accrual of a cause of action"—the triggering event in the commencement of the one year limitations period—does not occur in medical malpractice cases based on negligence, until "the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury." 518 S.W.2d at 517.

Thus, although the holding in *Teeters* involved a dramatic reinterpretation of T.C.A. § 28–304, its scope was rather severely limited to (1) medical malpractice actions (2) predicated on negligence.

forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

3. It is a well-settled principle of law that under Rule 8(c) of the Federal Rules of Civil Procedure an affirmative defense—such as the bar of the statute of limitations—must be pleaded specifically in the first responsive pleading or else it is deemed to be waived. *See generally,* Wright and Miller, Federal Practice and Procedure: Civil § 1278, and cases cited therein. Failure to affirmatively plead the bar of the statute of limitations has been expressly held to constitute a waiver of that defense in this circuit. *See Crawford v. Zeitler,* 326 F.2d 119 (6th Cir. 1964). *But see Berry v. Chrysler Corp.,* 150 F.2d 1002 (6th Cir. 1945). Thus, since the instant defendant filed her Answer on February 10, 1976, omitting any reference to the statute of limitations, and did not file her motion for summary judgment alleging the bar of the statute until January 24, 1977, it might be persuasively argued under the *Crawford* holding that she has waived her right to raise that defense. However, "the waiver rule is not automatically applied and as a practical matter there are numerous exceptions to it." Wright and Miller, *supra.* Some courts have allowed the substance of unpleaded affirmative defens-

es, including the statute of limitations, to be asserted by pretrial motions. *See, e. g., Greenwald v. Cunard S.S. Co.,* 162 F.Supp. 250 (S.D. N.Y.1958); *Wade v. Lynn,* 181 F.Supp. 361 (N.D.Ohio 1960). Others, apparently proceeding upon the theory of permitting liberal amendment to pleadings when justice so dictates, allow the tardy assertion of an affirmative defense when, as in the instant case, both parties indicate preparedness to address themselves to the issue. *See, e. g., Beall v. Kearney & Trecker Corp.,* 350 F.Supp. 978 (D.Md.1972). Accordingly, it appearing that it is in the interest of justice to permit the defense to be raised, this court does not deem it appropriate to hold defendant to have waived his right to assert the statute of limitations. *See generally, Kraushaar v. Leschin,* 4 F.R.D. 144 (E.D.Pa.1944).

4. See note 1, *supra.*

5. T.C.A. § 23–3415, which was added to the Code in 1975 (ch. 299, § 15), constitutes an elaboration on § 28–304 in medical malpractice cases. Actually a codification of the holding in *Teeters,* it was not in force at the time of that decision.

The *Teeters* rationale was carried a step further in *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487 (Tenn.1975). In that case, plaintiff's decedent was killed when an allegedly defective gas furnace exploded. The furnace had been manufactured in 1967, and distributed and installed in February of 1968. The injuries were sustained in May of 1971, resulting in death in September, 1971. The defendants argued that any alleged negligence or inherent defect in the manufacture of the furnace occurred in 1967, and that any alleged breach of warranty or misrepresentation as to its performance occurred at the latest in 1968, and thus that the action was barred by T.C.A. § 28–304, which, under the interpretation of pre-*Teeters* case law, would have foreclosed suit one year after the purchase of the furnace.

The court in *McCroskey* rejected defendants' arguments, opting to dispose of the case "from a standpoint of reason, logic and fundamental fairness," 524 S.W.2d at 489. The court reasoned that, in line with the 1972 statutory amendment of T.C.A. § 28–304,[6] no cause of action in a products liability case should be barred before the plaintiff sustained an injury. Given this approach, it was unnecessary for the court in *McCroskey* to rely on *Teeters* at all. Nonetheless, *Teeters* was cited as support for the proposition that no one should be required to file suit "prior to knowledge of his injury," or when "circumstances totally beyond the control of the injured party make it impossible for him to bring suit." 524 S.W.2d at 490. This language seems at first blush to provide support for plaintiff's position in the instant case. A closer examination of the precise holding in *McCroskey*, however, reveals a significant limitation on its reach:

> "We hold that in tort actions, including but not restricted to products liability actions ('conceived in an illicit intercourse of tort and contract') predicated on negligence, strict liability or misrepresentation, the cause of action accrues and the statute of limitations commences to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. . . ." 524 S.W.2d 491.

Two things are noteworthy about the *McCroskey* holding. First, assuming that the court intended the phrase "predicated on negligence, strict liability or misrepresentation" to modify "tort actions" rather than "products liability actions," the range of cases encompassed thereby does not include an action such as the instant suit, which is predicated on "willful and malicious intent to harm" and "actual intent to defame." Second, the court in *McCroskey*, as it had in *Teeters*, couched its holding in terms of "the accrual of the cause of action" as the starting point for the running of the limitations period. Significantly, this is the terminology which appears in T.C.A. § 28–304, but is absent in T.C.A. § 28–303, the statute governing slander actions. Section 28–303 unequivocally provides that the six-month limitations period begins to run "after the words are uttered." It thus imposes a definite, unambiguous starting point for the commencement of the time within which suit must be brought. There is no phrase subject to elastic interpretation such as "accrual of the cause of action." The legislature has thus left no room for the courts to refine the express provisions of T.C.A. § 28–303, and it would be improper for this court to attempt to do so. See *Phillips v. Memphis Furniture Mfg. Co.*, 168 Tenn. 481, 79 S.W.2d 576 (1935).

T.C.A. § 28–301, which delineates the scope of the code chapter devoted to Limitations of Actions other than Real, provides that "[a]ll civil actions . . . shall be commenced after the cause of action has accrued . . . *unless otherwise expressly provided.*" Section 28–303, as well as certain other sections in the same chapter, *does* otherwise expressly provide. One of those sections is 28–314, and an examination of that section, together with the cases in which it has been applied, should shed some light on the proper interpretation of § 28–303.

---

**6.** Chapter 669, Public Acts of 1972 became effective April 11, 1972.

Section 28–314 provides:

"All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement."

It should be noted that § 28–314, like § 28–303, provides a readily ascertainable event of independent significance by which to gauge the commencement of the limitations period. This fact was acknowledged by Justice Henry in the case of *Watts v. Putnam County*, 525 S.W.2d 488 (Tenn. 1975):

"These statutes (Sec. 28–314 et seq.) are entirely unrelated to the accrual of any cause of action, since they begin to run on the date of substantial completion as opposed to the date of injury or damage." 525 S.W.2d at 491.

*See also* the concurring opinion of Justice Harbison in *Teeters v. Currey, supra*, at 518.

■ It becomes apparent, then, in the words of Justice Harbison, "that the General Assembly has undertaken to deal specifically with certain types of claims," 518 S.W.2d at 518, and one of these is slander. Where the legislature has dealt specifically, its enactments should not be tampered with by the courts. *McIver v. Ragan*, 2 Wheat. 25, 15 U.S. 25, 4 L.Ed. 175 (1816); *Tennessee Copper Co. v. Shelton*, 163 Tenn. 202, 42 S.W.2d 346 (1931).

An examination of post-*Teeters* cases in which the discovery doctrine has been applied is significant in illustrating the limitations of the *Teeters* holding. Not surprisingly, *Teeters* was cited as controlling in *Gilbert v. Jones*, 523 S.W.2d 211 (Tenn.App. 1975), another medical malpractice case, and in *Woodruff v. Tomlin*, 511 F.2d 1019 (6th Cir. 1975), a suit for attorney malpractice. Both actions were governed by T.C.A. § 28–304, and both involved situations where early discovery of the injury was a practical impossibility. Indeed, in *Woodruff*, actionable injury did not occur until just before suit was brought.

*Bradley v. General Motors Corp.*, 512 F.2d 602 (6th Cir. 1975), decided one month before the Tennessee Supreme Court rendered its opinion in *McCroskey*, was, like *McCroskey*, a products liability suit. The Sixth Circuit ordered a rehearing in light of *Teeters* of the district court's dismissal of the suit under T.C.A. § 28–304.

Both *Stone v. Hinds*, 541 S.W.2d 598 (Tenn.App.1976), and *Roberts v. Berry*, 541 F.2d 607 (6th Cir. 1976) involved charges of alienation of affections, governed by the three-year statute of limitations in Tennessee, T.C.A. § 28–305. The court in each case applied the *Teeters* discovery doctrine, but significantly, the controlling limitation statute contains the same "accrual of the cause of action" language as is present in T.C.A. § 28–304.[7]

■ None of the cases cited above lend any support to plaintiff's theory of the applicability of the *Teeters* discovery doctrine to actions for slander. All of those cases arose under limitations statutes wherein the commencement of the running of the statute was tied to the accrual of a cause of action rather than to a fixed event.

7. The *Roberts* holding is of particular interest, for it suggests that even though *Teeters* applies, the point at which the cause of action accrues is not necessarily the point of discovery of the *cause* of the injury, but rather the discovery of the injury itself. Thus, even if *Teeters* were held to apply to the instant controversy, plaintiff's assertion that his cause of action accrued on May 20, 1975 when he dis-

covered that the allegedly defamatory remarks had been uttered, would not necessarily hold true. Rather, under *Roberts*, it would seem that his cause of action would accrue within a reasonable time after he first noticed the adverse impact of the alleged statement and, in the exercise of reasonable diligence, conducted an investigation to discover the cause of his injury.

It is therefore the conclusion of this court that the discovery doctrine enunciated in *Teeters v. Currey, supra,* and elaborated upon in *McCroskey v. Bryant Air Conditioning Co., supra,* is not applicable to T.C.A. § 28–303, which sets forth a positive and distinct event that triggers the running of the limitations period—the utterance of the alleged defamatory words.[8] That event having occurred more than six months prior to the institution of the original action in state court, the cause is now barred and the complaint must be dismissed.

An appropriate order will be entered.

---

**8.** This court has previously indicated by way of *dictum* its conviction as to the inapplicability of the discovery doctrine to T.C.A. § 28–303:

"The range of interests protected in law and the varying degrees of difficulty associated with bringing an action are implicitly valued and weighed throughout Title 28, Tennessee Code Annotated, Chapters 1 through 3. For example, § 28–303 provides for a 6 months period of limitations in slander actions. The statute specifies that such action 'shall be commenced six (6) months after the words are uttered.' The fact that a plaintiff in a slander action failed to recognize that the words were defamatory, or that the speaker or one hearing the words did not volunteer the relevant information, does not preclude the accrual of a complete cause of action nor does it bring the case within the discovery exception as that doctrine is stated in *Teeters, supra.*"
*Roberts v. Berry,* No. 74–167–NA–CV (M.D. Tenn., filed August 8, 1975) at p. 6, *aff'd in part and rev'd in part on other grounds,* 541 F.2d 607 (6th Cir. 1976).

The foregoing analysis finds support among legal commentators as well. *See* Comment, *Conditional Privilege in Tennessee,* 30 Tenn.L. Rev. 569, 584, at n. 78 (1963).