**Frank Albert KELLEY,**
**Plaintiff-Appellee,**

v.

**Dal JONES, Jr., Defendant-Appellant.**

Court of Appeals of Tennessee,
Eastern Section.

May 3, 1984.

Permission to Appeal Denied by
Supreme Court Aug. 27, 1984.

John D. Lockridge of Lockridge & Becker, P.C., Knoxville, for defendant-appellant.

Thomas J. Seeley, Jr., of Seeley & Shults, Erwin, for plaintiff-appellee.

OPINION

FRANKS, Judge.

This appeal presents the issue [1] of whether the action for damages for alienation of affection should be abolished in this state.

Plaintiff and his former wife married on November 9, 1970. On May 31, 1981, plaintiff's wife left the marital residence and accompanied the defendant to Atlanta, where they cohabited and married, after divorces from their respective spouses. The evidence established defendant and plaintiff's wife had an affair for at least six months prior to the wife's leaving plaintiff. The jury returned a verdict for plaintiff in the amount of $12,500.00 compensatory damages and $25,000.00 punitive damages.

Defendant argues this cause of action, originating at common law, should be abolished since it has "remained virtually unchanged from its origins at the time of Blackstone, but ironically the very relation-

---

**1.** Issues as to the admissibility of certain evidence and whether plaintiff proved any compensable loss to support an award of damages were briefed but not specifically stated in the appellant's motion for a new trial and are waived. T.R.AP., Rule 3(e).

ships on which the action is based have changed so radically that the purposes of the action have become anachronisms." Defendant's argument is not without appeal: seventeen states have legislatively abolished the cause of action and three have judicially abolished it. *See Hunt v. Hunt,* 309 N.W.2d 818 (S.D.1981); *Wyman v. Wallace,* 94 Wash.2d 99, 615 P.2d 452 (1980); *Fundermann v. Mickelson,* 304 N.W.2d 790 (Iowa 1981).

The argument for abolition is properly addressed to the Supreme Court or the state legislature. The latest pronouncement on this issue by our Supreme Court is found in *Donnell v. Donnell,* 220 Tenn. 169, 415 S.W.2d 127 (1967), wherein the court affirmed a jury award of damages for alienation of affection. The court said:

> Neither this Court, nor the courts generally, are prone to encourage actions of this nature. In some states they have been abrogated by statute. So long as the right of action subsists, however, it must be enforced by the courts . . . . 220 Tenn., at 188, 415 S.W.2d 127.

▮ Defendant further argues the cause of action is offensive to the constitutions of the State of Tennessee and the United States. He asserts the action is based upon the theory that a man has a property interest in his wife and that such an interest is prohibited by the anti-slavery provisions of the 13th Amendment to the Constitution of the United States and Article I, Sections 33 and 34 of the Constitution of Tennessee. We disagree. The gist of the alienation of affection tort is the loss of consortium. *Rheudasil v. Clower,* 197 Tenn. 27, 270 S.W.2d 345 (1954). Consortium is not a property right in one's spouse; rather, it is a right of each to the company, cooperation, affection, aid and support of the other. *Manning v. Mobile Aerial Towers, Inc.,* 359 F.Supp. 211 (D.C.Tenn.1972). Accordingly, compensatory damages in an alienation of affection action are not based upon a loss of a property right but rather the loss or destruction of a relationship. We are constrained to affirm the judgment of the trial court and remand at appellant's cost.

GODDARD, J., and MATHERNE, Special Judge, concur.