816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick L. CROWDER, Plaintiff-Appellant,
v.
Robert W. SUHR, and R. Dale Yurovich, Defendants-Appellees.
 No. 86-3888.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1987.
 
 1
 Before MARTIN and MILBURN, Circuit Judges, and ALDRICH, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and records, this panel unanimously agrees that oral argument is not necessary.
 
 
 3
 Plaintiff, a prisoner at the Southern Ohio Correctional Facility, brought a civil rights action, 42 U.S.C. Sec. 1983, against two defense attorneys. The complaint filed by plaintiff in that action alleges that the two attorneys violated plaintiff's due process and equal protection rights by failing to inform him of the dismissal of his criminal appeal. Before service of the complaint and without prior notice to the plaintiff, the district court dismissed plaintiff's pro se action as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 4
 We affirm the dismissal. Trial courts are granted broad discretion to dismiss in forma pauperis complaints "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). The plaintiff's present claim does not involve state action, as it was brought against lawyers performing their traditional function. Polk County v. Dodson, 454 U.S. 312, 325-26 (1981); Mulligan v. Schlachter, 389 F.2d 231, 233 (6th Cir.1968) (per curiam). Accordingly, plaintiff cannot recover against defendants pursuant to 42 U.S.C. Sec. 1983 under any set of facts. As for plaintiff's latest claim of conspiracy between the defendants and an unidentified state employee, it cannot be considered by this court on appeal because plaintiff failed to raise the issue in the district court. Roberts v. Berry, 541 F.2d 607, 610 (6th Cir.1976); Bannert v. American Can Co., 525 F.2d 104, 111 (6th Cir.1975), cert. denied, 426 U.S. 942 (1976).
 
 
 5
 Accordingly, the district court's September 11, 1986 order dismissing plaintiff's action is hereby affirmed. Rule 9(b), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ann Aldrich, U.S. District Judge for the Northern District of Ohio, sitting by designation