826 F.2d 1062
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry COOPER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-5054.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1987.
 
 Before LIVELY, Chief Judge, and MILBURN, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a penal of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The pro se plaintiff appeals the denial of his motion for a rehearing, construed as a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure. In his motion, the plaintiff claimed that the district court erred in denying his previous motion to vacate filed pursuant to 28 U.S.C. Sec. 2255. Motions made pursuant to Rule 60(b) do not toll the time for appeal from, nor affect the finality of, the original judgment. Browder v. Director, Illinois Dept. of Corrections, 434 U.S. 257, 263 n. 7 (1978). The trial court's determination of the motion "will not be reversed except for abuse of discretion." In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). In addition, an appeal from a denial of a motion for Rule 60(b) relief does not bring up the underlying judgment for review. Id. Therefore, plaintiff's original claims of entrapment and coercion cannot be raised at this time.
 
 
 3
 Upon review of the plaintiff's remaining claims, we conclude that the district court did not abuse its discretion in denying the motion to reconsider. The transcript of the plea colloquy and sentencing hearing reveals that the plea was made voluntarily and knowingly, and that the plaintiff clearly admitted his guilt. Under such circumstances, the accused is bound by his response. Baker v. United States, 781 F.2d 85, 90 (6th Cir.1986). In addition, the plaintiff had more than one opportunity to correct any alleged inaccuracies in his presentence investigation report and to inform the court of his marital and financial difficulties before sentencing.
 
 
 4
 Finally, the plaintiff has not shown that his counsel's performance was deficient, nor that he was prejudiced by it. Strickland v. Washington, 466 U.S. 668 (1984). The plaintiff's remaining claims were not presented to the district court, therefore they cannot be raised on appeal. Ruip v. United States, 555 F.2d 1331, 1337 (6th Cir.1977); Roberts v. Berry, 541 F.2d 607, 610 (6th Cir.1976).
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.