**MISSOURI PORTLAND CEMENT COMPANY, Plaintiff-Appellee,**

v.

**SHELBOURNE ENTERPRISES, INC., Defendant-Appellant.**

Court of Appeals of Tennessee, Western Section.

April 11, 1984.

Permission to Appeal Denied by Supreme Court June 25, 1984.

William A. Cohn, Memphis, for plaintiff-appellee.

A.G. Burkhart, Jr., Memphis, for defendant-appellant.

HIGHERS, Judge.

The trial judge granted summary judgment for the plaintiff, Missouri Portland Cement Company, against the defendant, Shelbourne Enterprises, Inc., and further gave summary judgment for the counter-defendant on the counter complaint filed by Shelbourne as a counter-plaintiff. Shelbourne appeals from the action of the trial court.

Missouri Portland filed suit on March 25, 1982, alleging that Shelbourne was indebted for deliveries of bulk cement in the amount of $24,207.20. Shelbourne answered and counter-claimed, for $75,000.00 stating that there were weight discrepancies between the amount of cement delivered and the price charged, amounting to an overcharge. Upon answers to interrogatories, the deposition of the president of Shelbourne, and the pleadings, the trial court dismissed the counter-claim and granted summary judgment for the plaintiff in the amount of $24,207.20. Since the appellant Shelbourne admits that it has not paid the plaintiff, the question presented by this case is whether the terms of the contract preclude Shelbourne's raising the issue of weight discrepancies as a question of fact. If a genuine material issue of fact exists, the judgment below must be reversed. *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547 (Tenn.1981); *Evco Corporation v. Ross,* 528 S.W.2d 20 (Tenn. 1975).

The plaintiff contends that summary judgment was proper because by terms of the agreement, stated on the back of the quotations sent to the defendant, "[f]ailure of Buyer to notify Seller of any claim within ninety (90) days ... shall constitute a waiver of Buyer of any claims under this paragraph." The president of Shelbourne acknowledges that no such notice was sent. He further states, however, that he never saw the back of the quotations and had no knowledge of the notice requirement.

Missouri Portland sent quotations to Shelbourne about two or three times a year. Two such quotations are included in the record as exhibits. One of these is dated September 27, 1978, and the other is dated October 26, 1981. In the deposition of Roy Whittington, president of Shelbourne, he referred to his ledger entries showing shortages dating back to early 1977 and including deliveries during 1978 and 1979.

It is significant that the requirement "to notify Seller of any claim within ninety (90) days" appears in the exhibit dated 1981, but such language does not appear in the exhibit bearing the 1978 date. Therefore, even if we accept the argument that the ninety day limit is part of the contract, we cannot say that it was always a part of the contract, or how long it has been a part of the contract, or whether the ninety day limit consistently appears in the other quotations submitted by the plaintiff.

In its order granting summary judgment to the plaintiff and dismissing the counter-complaint, the trial court stated that "the Defendant failed to notify the Plaintiff of any claim of loss or of incorrect amount received within ninety days of receipt of any shipments from the Plaintiff." Since it is clear, however, that the ninety day limit appears in one quotation but not in the other, there is an issue created as to whether the limit was in fact a part of the contract and, if so, for what period. The existence of the waiver of claim clause is in doubt under the proof which was presented to the trial court; consequently, there is a question of material fact as to whether Shelbourne actually waived the weight discrepancies.

Missouri Portland further argues, however, that regardless of the ninety day limit, the contract provides that the plaintiff shall not be liable for losses occurring in shipment. The plaintiff points out that Shelbourne offered no evidence to support the allegation that Missouri Portland rather than the carrier was responsible for the shortages. The plaintiff concludes that Shelbourne's defense was inadequate to overcome its motion for summary judgment because Rule 56, T.R.Civ.P., requires that "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." On the other hand, the plaintiff presented no evidence to indicate that the shortages occurred in transit. It is the party moving for summary judgment who has the burden of showing that no genuine material issue of fact exists. *Taylor v. Nashville Banner*, 573 S.W.2d 476 (Tenn.App.1976). Further, all inferences must be drawn in favor of the opponent of the motion. *Stone v. Hinds*, 541 S.W.2d 598 (Tenn.App.1976). We do not believe that summary judgment for the plaintiff is appropriate on the basis that the shortage *might* have occurred in shipment.

Because there are genuine material issues of fact, the summary judgment in favor of the plaintiff and the dismissal of the counter-complaint are reversed, and the matter is remanded to the trial court for adjudication on the merits. Costs of appeal are assessed against the plaintiff-appellee.

NEARN, P.J. (W.S.), and CRAWFORD, J., concur.