# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 9, 2001 Session

## PERO'S STEAK AND SPAGHETTI HOUSE, et al. v. ELIZABETH JEAN HINKLE LEE, et al.

**Appeal from the Circuit Court for Knox County**
**Nos. 3-541-96 and 3-544-96     Dale C. Workman, Judge**

### FILED OCTOBER 8, 2001

### No. E2001-00254-COA-R3-CV

---

CHARLES D. SUSANO, JR., J., dissenting.

I cannot concur in the majority's holding that summary judgment is appropriate in these consolidated cases. The majority's holding is bottomed on its determination that, even if the plaintiffs' causes of action accrued in 1995 or 1996 (pre-June 1 of that year), those actions had to be filed before June 1, 1996, in order to avoid the bar of the statute of limitations. I believe (1) that the date of the accrual of these causes of action is critical; (2) that, based upon the material now before us, there is a factual dispute as to when the causes of action accrued, with dates in 1992 and 1995 – and maybe dates in other time frames – being possibilities; (3) that, assuming the trier of fact finds that the causes of action accrued less than three years prior to the plaintiffs' filings of their complaints,[1] the applicable three-year statute of limitations is T.C.A. § 28-3-105 (2000), with the computation of time under it being impacted by the discovery rule,[2] *see* ***Pacific Properties v. Home Federal Bank, F.S.B.***, C/A No. 03A01-9410-CH-00393, 1995 WL 59112, at *4 (Tenn. Ct. App. E.S., filed February 14, 1995); and (4) that, if the foregoing assumption turns out to be true, these causes of action are not time-barred. The crux of my disagreement with the majority is this: assuming the trier of fact determines, under the discovery rule, that the subject causes of action accrued in *1995 or later, but prior to June 1, 1996*, I do not believe – as the majority does – that T.C.A. § 47-3-118(g) (1996), a statute of limitations first effective on *June 1, 1996*, can be constitutionally applied to those causes of action so as to bar suits filed on August 29, 1996 and August 30, 1996.

---

[1] Pero's complaint was filed August 29, 1996; Louis Inn's complaint was filed August 30, 1996.

[2] ***Stone v. Hinds***, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976).

Before I expound upon my belief that summary judgment is inappropriate in these cases, I want to express my agreement with the majority that T.C.A. § 47-3-118(g), being a part of the UCC, should be construed in harmony with the decisions of those other UCC jurisdictions – a clear majority – which have held that the discovery rule is not implicated in an analysis involving this particular statute of limitations, absent fraudulent concealment on the part of the defendant asserting the limitations defense. My disagreement with the majority as it pertains to this statute is that I do not believe that it can be applied to a cause of action that accrued before its effective date of June 1, 1996.

Generally speaking, the ascertainment of the date of the accrual of a cause of action is the first step in any statute of limitations analysis. This is because, again generally speaking, the period of limitations does not begin to run until the cause of action has accrued. *See McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975); *Wyatt v. A-Best Produsts Co.*, 924 S.W.2d 98, 103 (Tenn. Ct. App. 1995).

We have previously held that "[t]he phrase 'from the accruing of the cause of action,' as set forth in T.C.A. § 28-3-105,[3] 'means from the time when the plaintiff knew or reasonably should have known that a cause of action existed.'" *Pacific Properties*, 1995 WL 59112 at *4 (citing *Stone v. Hinds*, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976)). In *Pacific Properties*, we held that an alleged conversion of a certificate of deposit was governed by the three-year statute of limitations for conversion under T.C.A. § 28-3-105 and that there was a dispute in the record as to when the plaintiff's managing partner "knew or reasonably should have known" about the alleged conversion and that the dispute meant it was unclear as to whether the three-year statute of limitations, *i.e.*, T.C.A. § 28-3-105, had expired before suit was brought. *Id*. Because of this, we reversed the trial court's grant of summary judgment and remanded for further proceedings. *Id*. at *5.

If the trier of fact in the instant case accepts as true the facts underlying the plaintiffs' theory of this case, the accrual of the causes of action, under the rationale of *Pacific Properties*, did not occur until 1995 at the earliest. In my judgment, a reasonable jury could conclude that the plaintiffs' quantum of knowledge prior to 1995 was not sufficient to put a reasonable person on notice that there had been a conversion by the Bank. Construing the evidence in this summary judgment analysis as we must – in the light most favorable to the plaintiffs – I find a genuine dispute as to when the plaintiffs knew or reasonably should have known about the alleged conversion.

---

[3]T.C.A. § 28-3-105 provides, in pertinent part, as follows:

The following actions shall be commenced within three (3) years from the accruing of the cause of action:

* * *

(2) Actions for...conversion of personal property....

-2-

In 1995 through 1996, but prior to June 1, 1996 – during which time frame the plaintiffs' causes of action arguably accrued – the applicable statute of limitations was T.C.A. § 28-3-105. The new statute – T.C.A. § 47-3-118(g) – while passed in June, 1995, was not effective until June 1, 1996. Thus, if the plaintiffs' causes of action accrued in 1995 or in 1996, but prior to June 1, 1996, they accrued prior to the effective date of the new statute.

As a general proposition, a litigant has a vested right in the statute of limitations in effect and applicable to its cause of action on the date that the cause of action accrues. *See* Tenn. Const. Art. I, § 20; *Watts v. Putnam Co.*, 525 S.W.2d 488, 492 (Tenn. 1975); *Wyatt*, 924 S.W.2d at 103.

The majority relies upon the case of *Pacific Eastern Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946 (Tenn. Ct. App. 1995), for the proposition that a change in the applicable statute of limitations "that shortens an existing statute of limitations cannot extinguish a cause of action that has already accrued without giving the plaintiff a reasonable opportunity to bring suit after the effective date" of the new statute. *Id*. at 956. While I agree that *Pacific Eastern Corp.* stands for this proposition, I do not agree that the principle enunciated in that case is implicated by the facts of the instant case.

In the case before us, it is clear to me that the new statute "shortened" the period of limitations. This is because the applicable period was changed from a span of three years *with* the discovery rule to a three-year period *without* the discovery rule. As pertinent to my dissent, the change in the period of limitations is significant in at least two respects. First, the new statute does not *expressly* provide that the accrual of a cause of action subject to its terms would occur at the time of the conversion and not when the conversion was discovered or should have been discovered. In fact, it was not until the majority *interpreted* the statute in the more restrictive manner in this very case – and, again, I agree with that interpretation – that one was put on notice that there had been, in effect, a shortening of the period within which an aggrieved party could file suit.

The second important aspect of the new statute is that there is no *express* statement in the statute putting a person on notice that the claimant has a certain period of time to bring suit *after the effective date of the new statute of limitations*. I do not believe the one-year delay in the effective date of the statute satisfies the requirement that before a new shortened period of limitations can be applied to an accrued cause of action, the new statute must put a claimant on notice that the claimant has a specified period of time within which to file suit. In my judgment, this requirement could have been met – but was not – had the new statute provided that all causes of action accruing prior to the effective date of the statute had to be filed on or before a reasonable specified date in the future. In my judgment, this is the type of provision contemplated by cases such as *Pacific Eastern Corp.*

I would reverse the grant of summary judgment and remand for further proceedings. I believe we should let the jury decide the critical facts impacting the accrual issue. Regardless of how the jury resolves this issue, I believe the applicable period of limitations is T.C.A. § 28-3-105 since no one in this case contends that the causes of action barred by the trial court's judgment accrued on or after June 1, 1996.

_____
CHARLES D. SUSANO, JR., JUDGE