# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON    MAY 1999 SESSION

FILED

**June 15, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CITY OF MEMPHIS       )    SHELBY CIRCUIT
CREDIT UNION,         )    (No.87890-3 T.D.)
                      )
    Plaintiff/Appellant   )
                      )
v.                    )    APPEAL NO. 02A01-9810-CV-00286
                      )
MARY HELEN            )
MONTGOMERY,           )
                      )
    Defendant/Appellee    )

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE KAREN R. WILLIAMS,  JUDGE

**For the Appellant:**
Roger A. Stone
Stone, Higgs & Drexler
200 Jefferson Ave., Ste. 1000
Memphis, TN 38103

**For the Appellee:**
Randall J. Fishman
James W. Curry
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

**AFFIRMED**                 **WILLIAM H. INMAN, Senior Judge**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**ALAN E. HIGHERS, JUDGE**

## O P I N I O N

The plaintiff's action to recover funds mistakenly paid to a depositor whose name was similar to the purported owner of the funds was dismissed on motion for summary judgment alleging the bar of the three-year statute of limitations. The plaintiff appeals, insisting that the issue of when it reasonably should have discovered its mistake involved a genuine dispute and that summary judgment was inappropriate. Our review is *de novo* on the record, with no presumption of correctness. *Warren v. Estate of Kirk,* 954 S.W.2d 723 (Tenn. 1997).

In 1974, the defendant was married to Ralph Montgomery. She sold her beauty salon for $3,600.00, and delivered the check to him with instructions to deposit it with the Credit Union. He apparently failed to provide the Credit Union with his wife's social security number. Whether the funds were in fact deposited is unclear. No documentation was executed.

In 1984 or 1985 she opened an IRA account through her employer, an insurance agency known as Milico, and executed the necessary documentation.

In 1991, another customer of the plaintiff, whose name was Helen A. Montgomery, entered the picture. She was residing on Chutt Road in Memphis, and the plaintiff admittedly and mistakenly changed her address on its records to 141 CRIII, Walnut, Mississippi, where the defendant and her husband were residing. Whereupon, the plaintiff began mailing quarterly statements of an IRA opened by Helen A. Montgomery to 141 CRIII, Walnut, Mississippi. The defendant testified that she believed these statements concerned the account her husband opened for her in 1974 with the proceeds of the sale of her business, and

2

that she failed to notice that the middle initial and social security number on the statements were different from her own.

On November 25, 1992, the defendant, in writing, requested the funds in the IRA. The plaintiff supplied her with an appropriate form, which she executed. Before mailing the form, the plaintiff wrote, "Helen A. Montgomery" in the space provided to identify the owner of the account, together with a social security number which the plaintiff believed had been assigned to Helen A. Montgomery.

A check in the amount of $4,743.81 was issued by the plaintiff payable to Helen A. Montgomery. The defendant, Mary Helen Montgomery, struck through the middle initial, and endorsed the check "Helen Montgomery."

The plaintiff never questioned these events.

On December 27, 1996, Helen A. Montgomery enquired of the plaintiff about her IRA. Research ensued, which revealed that the funds had been paid to Mary Helen Montgomery in 1991.

The plaintiff thereupon searched its records extensively, and found nothing to indicate that Ralph Montgomery had opened an account in 1974 in the name of his wife, Mary Helen Montgomery.

This action was commenced in February, 1997, to recover the funds paid to Mary Helen Montgomery. The defendant's motion for summary judgment alleging the bar of the statute of limitations of three years was granted.

Suits alleging conversion of funds must be commenced within three years from the accrual of the cause of action. T.C.A. § 28--3-105(2). The date of accrual is interpreted as the time when the plaintiff knew, or reasonably should have known, that a cause of action existed. *Stone v. Hinds,* 541 S.W.2d 598 (Tenn. App.

3

1976). The ignorance of the plaintiff or its failure to discover the facts will not toll the statute. *Vance v. Schulder,* 547 S.W.2d 927 (Tenn. 1977).

We think the plaintiff was put on enquiry notice, at the least, when its check payable to Helen A. Montgomery was altered by striking the initial "A", and endorsed by a signature different from that of the payee. This occurred more than three years before suit was filed, and the plaintiff took no action, investigative or otherwise. Plaintiff argues that accepted banking practices did not require it to compare the endorsement with the signature card, but this argument begs the question. The alteration on the face of the check was a clear, unmistakable indicator that something was amiss; superimposed is the fact that the endorsing signature differed from the name of the payee.

Summary judgment is appropriate in cases when no genuine issue of dispositive fact exists. *Byrd v. Hall,* 847 S.W.2d 208 (Tenn. 1993). We agree that summary judgment was properly granted. The judgment is affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
David R. Farmer, Judge


_____
Alan E. Highers, Judge

4