# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### October 9, 2003 Session

## DANA FRIEDENSTAB, ET AL. v. MARTHA SHORT

**Appeal from the Circuit Court for Williamson County**
**No. II-01386     Donald P. Harris, Judge**

---

**No. M2003-00603-COA-R3-CV - Filed May 27, 2004**

---

FRANK G. CLEMENT, JR., J., dissenting.

The majority has determined that summary judgment was proper because the plaintiff failed to establish that the defendant owed her a duty and that the plaintiff was responsible for no less that 50% of her own injuries. I respectfully disagree.

In the order granting the defendant's motion for summary judgment, the trial court only listed four grounds upon which it based its decision. One of the four grounds relied on by the trial court was "that the newspapers were open and obvious." As the majority noted, Tennessee restricted the "traditional open and obvious rule" in *Coln v. City of Savannah,* 966 S.W.2d 34 (Tenn. 1998) and adopted Restatement (Second) of Torts, § 343A. Our Supreme Court concluded that attempting to analyze the duty issue simply by labeling some conditions "open and obvious," without consideration of any surrounding circumstances, promoted arbitrary and inconsistent results. *Id*. at 42. Finding the open and obvious rule inconsistent with Tennessee cases, "which analyze duty by balancing foreseeability and gravity of harm with feasibility and availability of alternatives that would have avoided the harm," our Supreme Court held:

> We deem the Restatement approach to be the better reasoned and more persuasive analysis. The principles stated in the Restatement (Second) of Torts, § 343A relate directly to foreseeability and facilitate consideration of the duty issue. Whether the danger was known and appreciated by the plaintiff, whether the risk was obvious to a person exercising reasonable perception, intelligence, and judgment, and whether there was some other reason for the defendant to foresee the harm, are all relevant considerations that provide more balance and insight to the analysis than merely labeling a particular risk "open and obvious." In sum, the analysis recognizes that a risk of harm may be foreseeable and unreasonable, thereby imposing a duty on a defendant, despite its potentially open and obvious nature.

*Coln,* 966 S.W.2d at 42.

Though the plaintiff's testimony, which is set forth in her discovery deposition and in affidavits presented in opposition to the motion for summary judgment, can be interpreted as somewhat inconsistent, her testimony is not contradictory and the court should not ignore it. Pertinent parts of the plaintiff's testimony read:

P     "I just didn't see any papers until my foot hit them and flew out from under me."

P     "I was looking where I was going because I always did and I didn't have any reason to think that it would be any different that day because [the defendant] had never had papers there before, ever."

P     "[The newspapers] were at the bottom of the steps on the garage floor."

P     "They just weren't that visible until I hit them."

P     "There had never been any papers at the bottom of the stairs before, ever."

P     "I was looking where I was going, but no, I wasn't looking to see if there was papers laying down there."

P     When asked where the papers were, she answered, "under the last step going to the garage on the floor, under the last step."

P     When asked why she didn't see them she testified, "they were not that visible until my foot was hitting them."

The defendant admitted frequently placing used newspapers at or near the bottom of the steps, though she denied having actual knowledge of newspapers being immediately under or in front of the last step. The defendant testified that she had placed newspapers at the bottom of the stairs for years in contemplation of recycling them. She admitted that she placed the old newspapers on the garage floor at the bottom of the steps and that it was her normal routine to place old newspapers at the bottom of the steps, on one side or the other "[j]ust however it is convenient." When asked what she normally does with the newspapers when taking them out to the garage she testified, "I go down the steps and stack them close together, next to the staircase. There is a banister there and I just stack them on either side and start a pile of newspapers."

In any negligence case, an issue is whether the defendant owed the plaintiff a duty, that is whether there was a duty in accordance with the foreseeability and gravity of harm, and the feasibility and availability of alternatives to prevent the harm. *See Coln v. City of Savannah,* 966 S.W.2d 34, 39 (Tenn. 1998). That may include a duty to refrain from creating a danger. *Id.* at 39. The owner or occupier of land has a duty to exercise reasonable care to prevent injury to persons lawfully on the premises. *Rice v. Sabir* 979 S. W.2d 305, 308 (Tenn. 1998). That duty to exercise reasonable care includes the responsibility to refrain from creating a danger that the owner should have been aware of through the exercise of reasonable diligence. *Coln* at 39.

The second part of Restatement rule § 343A states that the open and obvious rule applies *unless* the owner or possessor of the premises *should anticipate the harm* despite such knowledge or obviousness to the plaintiff. Restatement (Second) of Torts, § 343A. (emphasis added) Moreover, a danger to a plaintiff that was "open or obvious" does not *ipso facto*, relieve a defendant

of a duty of care. *Coln* at 43. "[T]he duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." *Coln* at 43. The foreseeability and gravity of harm resulting from the defendant placing old newspapers at or near the bottom of stairs, as opposed to the alternatives of placing them elsewhere, is a question that should be decided by a jury for, as stated in *Coln*, "the question of whether a particular site or place or condition is unsafe or dangerous is a question of fact." *Coln* at 45.

Summary judgment is appropriate "when there is no dispute over the evidence establishing the facts that control the application of a rule of law," *Byrd v. Hall*, 847 S. W.2d 208, 214 (Tenn. 1993); however, the trial court must view the evidence," in the light most favorable to the opponent of the motion." *Stone v. Hinds*, 541 S. W.2d 598, 600 (Tenn. App. 1976). Although summary judgment is a proper mechanism with which to evaluate the "duty" component of a negligence claim, *Coln* at 45-46, genuine issues of material fact exist which preclude summary judgment against plaintiff's negligence claim on the question of proximity of the old newspapers in relation to the bottom of the stairs and whether the risk of harm created by the defendant, who "stacked" old newspapers at or near the bottom of the stairway in the various manners she found convenient to her, was unreasonable despite the alleged open and obvious nature, and thus whether foreseeability and gravity of harm outweighed the burden imposed on the defendant to protect against that harm to establish a duty. In *Coln* the defendant homeowners had removed a "skimmer" from their pool deck thereby creating a dangerous opening which they did not elect to otherwise cover, they invited the plaintiff onto the deck and did not warn the plaintiff of the opening.[1] The supreme court held that the trial court erred in granting summary judgment because there was a factual issue as to the risk of harm, whether it was unreasonable despite its open and obvious nature, and whether the foreseeability and gravity of the harm outweighed the burden imposed by protecting against that harm to establish a duty on the homeowner. As in both cases in *Cohn*, it was error for the trial court to grant summary judgment.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[1] *Coln v. City of Savannah* involved two separate premises liability cases. The first case involved the City of Savannah and whether the city owed a landowner duty for the alleged negligent installation of brick pavers in a sidewalk. The second case, *Vancleave v. Markowski* involved a pool deck and the facts referenced above. The two cases involved a common question to both – whether and to what extent the traditional open and obvious rule eliminating a landowner's duty to one injured as a result of an open and obvious danger continues to be viable after the adoption of comparative fault in *McIntyre v. Balentine*.