IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 03, 2014

**ANDREW J. BRADEN, III v.**
**TENNESSEE BOARD OF PROBATION, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 13430II    Carol L. McCoy, Chancellor**

**No. M2013-02036-COA-R3-CV - Filed November 4, 2014**

J. STEVEN STAFFORD, P.J. W.S., DISSENTING:

I write separately to emphasize two troubling procedural issues with the majority Opinion. First, I am troubled by this Court's analysis with regard to the timeliness of the filing of Mr. Braden's petition for a writ of certiorari. Second, I disagree that this case is appropriate for summary disposition. For these reasons, I respectfully dissent.

**Timeliness of Mr. Braden's Petition**

As explained by the majority Opinion, in a writ of *certiorari* case, the trial court's subject matter jurisdiction is predicated on a timely filed petition for a writ of *certiorari*. *See Gore v. Tennessee Dept. of Correction*, 132 S.W.3d 369, 379 (Tenn. Ct. App. 2003) (holding that a timely filed petition for a writ of certiorari is "is mandatory and jurisdictional, and the failure to file a petition within that period of time deprives the court of subject matter jurisdiction"). The time for filing a writ of *certiorari* is defined by Tennessee Code Annotated Section 27-9-102:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the

order or judgment is erroneous, and praying for an accordant review.

Thus, in this case, Mr. Braden had sixty days from the date the Commissioner of the Tennessee Department of Correction denied his appeal. As stated in the majority Opinion, Mr. Braden's appeal was denied on January 22, 2013. Thus, Mr. Braden was required to file his petition for a writ of certiorari within sixty days after the denial.

The majority Opinion is correct that Mr. Braden's petition was required to be filed no later than March 25, 2013, by virtue of the operation of Rule 6.01 of the Tennessee Rules of Civil Procedure.[1] Mr. Braden's March 26, 2013 filing was, therefore, one day late.

I also agree that, in appropriate circumstances, the time for filing may be extended for *pro se* litigants who are incarcerated pursuant to the "prison mailbox rule." According to Rule 5.06 of the Tennessee Rules of Civil Procedure:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of paper by such litigants pursuant to the rules of civil procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se litigant is

---

[1] Rule 6.01 of the Tennessee Rules of Civil Procedure provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

incarcerated. **Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.**

Tenn. R. Civ. P. 5.06 (emphasis added). Thus, the prison mailbox rule may apply to save an untimely filing, but the burden is on the inmate to establish compliance with this rule.

The majority Opinion goes on to assume that because of the circumstances of this case, Mr. Braden's petition must have been "delivered to the appropriate individual at the correctional facility within the time fixed for filing." *Id.* Further, the majority Opinion cites Mr. Braden's verification and notarization as evidence that the petition was delivered to the appropriate person within the time for filing. However, Mr. Braden has never asserted nor argued this fact, as it appears that this issue was not litigated in the trial court. Further, the majority cites no law that states that the date of notarization and verification are also evidence of timely filing.

In a similar circumstance, Mr. Braden has previously been held to have failed to timely file a petition for a writ of *certiorari*. *See **Braden v. Tennessee Dept. of Correction***, 2011 WL 1816722 (Tenn. Ct. App. July 13, 2011) (Rule 10 Memorandum Opinion) (***Braden I***).[2] In ***Braden I***, Mr. Braden's petition for a writ of certiorari from a disciplinary conviction was filed two days after the filing deadline. *Id.* at *1. According to the Court:

> The record demonstrates, however, that Prisoner signed his petition on December 28, 2009, the final day of the timely filing period. This leaves open the possibility that Prisoner complied with the filing deadline of Tennessee Code Annotated 27-9-102 if he also delivered the petition to the appropriate individual at the Turney Center Industrial Complex on December 28. But the

---

[2] ***Braden I*** is designated a Memorandum Opinion. According to Rule 10 of the Rules of the Court of Appeals of Tennessee:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Because Mr. Braden is the Appellant in both cases, we conclude that these cases are not "unrelated." Accordingly, we may properly cite the decision in ***Braden I***.

> record is silent on this issue and Prisoner does not argue that he complied with the timely filing period. Petitioner therefore has not borne his burden to demonstrate compliance with the sixty-day filing period under Rule 5.06. We dismiss this appeal for lack of subject matter jurisdiction.

*Id.* at *2. Thus, even though there was a possibility that the petition was timely filed, the Court held that Mr. Braden failed to meet his burden pursuant to Rule 5.06.

Although the facts of this case weigh more heavily in Mr. Braden's favor, I am troubled by this Court's decision to relieve Mr. Braden of his burden to show compliance with Rule 5.06. Under these circumstances, I believe the appropriate course of action is to remand to the trial court to hold an evidentiary hearing regarding the timeliness of Mr. Braden's petition to determine whether the trial court had subject matter jurisdiction to consider Mr. Braden's petition for a writ of certiorari.

### Summary Judgment

With regard to the substantive issue presented in this case, I also must write separately to express my concern as to the appropriateness of the trial court's decision to grant summary judgment in this case. The trial court found that the Tennessee Board of Probation and Parole ("the Board") is entitled to summary judgment on the basis that Mr. Braden was unable to "show that he has been discriminated based on race." The majority Opinion affirms the trial court's order citing the varying evidence submitted by each side.

From my review of the record, it appears that Chairman Traughber submitted an affidavit containing information regarding the parole grants and denials for 1,138 inmates. Chairman Traughber's affidavit tends to show that parole is granted more often to African American inmates, thus calling into question Mr. Braden's assertion that parole grants and denials are racially-motivated. In contrast, Mr. Braden submitted an exhibit containing data from five prisoners, including Mr. Braden, which he asserts shows that parole is granted in a racially-motivated fashion for those individuals convicted of killing a police officer.

With regard to this competing evidence, the majority Opinion appears to discount Mr. Braden's evidence on the basis that it is significantly less convincing than the evidence submitted by the Board, stating: "Although by Exhibit 5 to his petition . . . Mr. Braden attempts to provide statistical data to indicate that the parole Board grants parole more often to Caucasian inmates, Mr. Braden's statistics are compiled with data from only five prisoners including himself." The majority Opinion further states that Mr. Braden's "data [is] [in]sufficient as it is a sampling of five cases including his own."

-4-

It is my belief that this weighing of the evidence is inappropriate at the summary judgment stage of litigation. As this Court explained in ***Blackburn & McCune, PLLC v. Pre-Paid Legal Services, Inc.***, 398 S.W.3d 630 (Tenn. Ct. App. 2010):

> At this stage, the non-movant's evidence is taken as true, and the trial judge is not to weigh the evidence. *See **McCarley v. West Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998). "Summary judgment procedure is not a substitute for trial. It is only when there is no disputed issue of material fact that a summary judgment should be granted. If such fact issue is present, the matter must not be resolved by a battle of affidavits, but must be resolved by a trial on the merits." ***Stone v. Hinds***, 541 S.W.2d 598, 599 (Tenn. Ct. App. 1976).

***Blackburn***, 398 S.W.3d at 643.[3] Here, it appears that we have exactly the situation warned against in ***Blackburn***, a battle of the affidavits, where summary judgment has been granted on the basis that the evidence of one party is substantially more "weighty" than the evidence of the opposing party.

Despite the admonition in ***Blackburn*** against weighing the evidence at the summary judgment stage of litigation, the majority Opinion holds that summary judgment was appropriate based on its reliance on ***Henderson v. Bredesen****,* No. 3:04-0043, 2005 WL 2230033 (M.D. Tenn. Aug. 9, 2005), an unpublished Report and Recommendation from a federal Magistrate Judge, in which the court considers the competing evidence submitted by the parties, ultimately ruling in favor of the State based upon the "insufficiency of the plaintiff's evidence." ***Id.*** at * 3. Federal caselaw, however, is not binding on this Court, while our own interpretation of our summary judgment standard is. *See generally* ***Harris v. Chern***, 33 S.W.3d 741, 745 n.2 (Tenn. 2000). Accordingly, regardless of the holding in ***Henderson***, I would hold that this State's caselaw mandates that summary judgment was inappropriate.

Even assuming, *arguendo*, that the majority of this Court's consideration of the

---

[3] ***Blackburn*** was decided under the summary judgment standard outlined in ***Hannan v. Alltel Publ'g Co***., 270 S.W.3d 1 (Tenn. 2008). The ***Hannan*** standard was recently replaced by the enactment of Tennessee Code Annotated Section 20-16-101, which is intended to "return the summary judgment burden-shifting analytical framework to that which existed prior to ***Hannan***." ***Coleman v. S. Tenn. Oil Inc.***, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012). Because this case was filed after July 1, 2011, the new standard applies. However, nothing in Tennessee Code Annotated Section 20-16-101, or in any subsequent caselaw, indicates that the statute was intended to alter the long-standing rule that a trial court may not weigh the evidence in deciding a summary judgment motion.

evidence is appropriate, I believe that the majority has failed to review the evidence in the light most favorable to Mr. Braden. *See **Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003) ("In reviewing a motion for summary judgment, the Court must examine the evidence and all reasonable inferences from the evidence in a light most favorable to the non-moving party."). Instead, the majority Opinion dismisses the evidence submitted by Mr. Braden because Mr. Braden failed to indicate where he obtained the information, noting that "there is nothing in the record to indicate exactly what public records he used to compile his statistics." Respectfully, while Chairman Traughber's affidavit indicates that it contains a chart for all "offenders convicted of Murder 1 and First Degree Murder" between 2002 through 2012, the affidavit also contains "nothing . . . to indicate exactly" where Chairman Traughber obtained this information, or any other objective indication that this information is an accurate representation of the actual parole grants and denials. I recognize that Chairman Traughber attested to the truth of these figures and there is nothing in the record to indicate that he was disingenuous. However, if the failure to include documentation to "indicate exactly" where the information was obtained is fatal to Mr. Braden's claim, this rule should apply equally to Chairman Traughber.

Additionally, Mr. Braden's evidence purports to show data relating only to those individuals who were convicted of killing a police officer. According to Mr. Braden, this admittedly scant evidence is merely preliminary while Mr. Braden awaits the return of his public information request. In contrast, the data submitted by Chairman Traughber is not so limited—it includes data on the parole grants and denials for all prisoners convicted of Murder 1 and First Degree Murder, rather than merely those that were convicted of killing a police officer. Taking all reasonable inferences in Mr. Braden's favor, Chairman Traughber's evidence, which focuses on **all** inmates convicted of these crimes, rather than only inmates convicted of Murder 1 and First Degree Murder where the victim was a police officer, neither affirmatively negates Mr. Braden's claim that the denial of his parole was racially-motivated, nor demonstrates that Mr. Braden is unable to prove his claim, as Mr. Braden's assertion is limited solely to parole decisions involving inmates convicted of Murder 1 and First Degree Murder for killing police officers. *See* Tenn. Code Ann. § 20-16-101 (providing that summary judgment is appropriate if the moving party who does not bear the burden at trial: "(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.").

Under these circumstances, it appears that summary judgment in favor of the Board was premature. My decision herein does not mean that Mr. Braden should prevail in his claim. Instead, it means only that summary judgment was inappropriate on this issue, at this juncture in the litigation. Indeed, as indicated in the majority Opinion, even where there is a constitutional challenge to the Board's decision, the decision may, nevertheless, be upheld,

where "the defendants have legitimate, nondiscriminatory reasons for their actions." *See Nedea v. Voinovich*, 994 F. Supp. 910, 916–17 (N.D. Ohio 1998). Here, the majority states that in addition to the seriousness of the crime criterion at issue in this appeal, the Board had other legitimate, nondiscriminatory reasons for denying Mr. Braden's parole, including Mr. Braden's two prior disciplinary actions while in prison. In my view, the appropriate course of action would be to vacate the judgment of the trial court and remand for further proceedings, including, but not limited to, consideration of whether the Board had legitimate, nondiscriminatory reasons for denying Mr. Braden's parole.

For the foregoing reasons, I must respectfully dissent from the majority Opinion.


_____
J. STEVEN STAFFORD, JUDGE