IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MAY 20, 2004 Session

## RICHARD A. JONES and RICHARD A. JONES, JR.
## v. JODY W. HENDERSON

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-003024-03      Robert A. Lanier, Judge**

---

**No. W2003-02564-COA-R3-CV - Filed August 30, 2004**

---

This case arises from the discovery of an extramarital affair.  The Appellants brought suit against Appellee, seeking damages on theories of outrageous conduct and interference with a contract. Appellee filed a motion to dismiss for failure to state a claim upon which relief can be granted.  After a hearing on the motion, the trial court granted Appellee's motion to dismiss and this appeal followed.  For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and Holly M. Kirby, J., joined.

Robert A. Wampler, Memphis, TN, for Appellants

James E. Bingham, James O. Lockard, Memphis, TN, for Appellee

**OPINION**

**Facts and Procedural History**

Richard A. Jones, Sr. ("Husband") married Lisa L. Jones ("Wife") on December 30, 1983. Since the time of the marriage, Husband and Wife have had three children, two of whom were minors at the time the instant action was filed.  Husband and Wife resided in Shelby County, Tennessee.

On or about April 10, 2003, at approximately seven o'clock in the morning, Richard A. Jones, Jr. ("Son" or collectively with Husband, "Appellants"), the Husband's and Wife's oldest child, who was an adult at the time the complaint was filed, discovered Jody W. Henderson ("Appellee") standing nude in Husband's and Wife's master bedroom closet.  Husband's and Wife's

two minor children were asleep in the adjacent bedroom at the time of the discovery. Subsequently, Son informed Husband of this incident.

Appellants filed suit against Appellee, alleging that Appellee's outrageous conduct and interference with Husband's marital contract caused Appellants "extreme mental anguish, severe emotional distress, loss of consortium, and damages for the termination of the marital relationship of [Husband]."[1] Appellee filed a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6), arguing that the Appellants' complaint fails because the acts complained of do not rise to the level of conduct necessary to support a claim for outrageous conduct, the claim is one for alienation of affections which has been abolished in Tennessee, and the complaint does not allege that Appellants suffered severe mental injury. On September 9, 2003, the trial court entered an order dismissing Appellants' complaint. The lower court found that Husband's complaint amounted to a suit for alienation of affections or criminal conversation, both of which have been abolished in Tennessee. Additionally, the court found that such acts complained of did not constitute "outrageous conduct" and, therefore, dismissed Son's complaint. Appellants timely filed their notice of appeal to this Court and present the following issue for our review: whether the trial court erred when it dismissed Appellants' complaint for failure to state a claim upon which relief may be granted, concluding that Appellee's act was not "outrageous conduct" and that Husband's complaint was one for alienation of affections or criminal conversation. For the following reasons, we affirm the trial court's order dismissing Appellants' complaint.

### Standard of Review

The Tennessee Supreme Court has set out the standard by which we must review a trial court's grant of a motion to dismiss:

> A Rule 12.02(6), Tenn. R. Civ. P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P.

---

[1] Though Appellants' complaint alleges damages for termination of marriage of Husband and Wife, it also states that Husband "is married" to Wife. Given the record before this Court, we can only presume that the Husband and Wife are still married.

13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook*, *supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

## Law and Analysis

Appellants argue that Husband's complaint was one for outrageous conduct rather than alienation of affections or criminal conversation. Additionally, because Son could not bring a claim for alienation of affections or criminal conversation, given that he is Lisa Jones' son and not her husband, his claim for outrageous conduct should be allowed to reach a jury. We disagree.

For a claim of outrageous conduct, "[l]iability exists only where the defendant's conduct has been so outrageous in character and so extreme in degree as to be beyond the pale of decency." *Alexander v. Inman*, 825 S.W.2d 102, 104 (Tenn. Ct. App. 1991). Additionally, the defendant's conduct must cause serious mental injury. *Id.* (citing *Swallows v. W. Elec. Co.*, 543 S.W.2d 581, 582 (Tenn. 1976)). The test often used by Tennessee courts may be found in the comments to *Restatement (Second) of Torts* § 46:

> The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Restatement (Second) of Torts* § 46 cmt. d (1965); *see also Alexander*, 825 S.W.2d at 105.

With respect to the torts of "alienation of affections" and "criminal conversation," we are mindful that such theories of recovery have been abolished by the Tennessee Legislature[2] as well as the Tennessee Supreme Court.[3] Alienation of affections is defined as the willful and malicious interference with the marriage relation by a third party, without justification or excuse. *Dupuis v. Hand*, 814 S.W.2d 340, 343 (Tenn. 1991) (quoting *Donnell v. Donnell*, 415 S.W.2d 127, 132 (Tenn. 1967)). "The gist of the alienation of affection tort is the loss of consortium." *Kelley v. Jones*, 675

---

[2] Specifically, Tenn. Code Ann. § 36-3-701 (2001) abolished the common law tort of alienation of affections and Tenn. Code Ann. § 39-13-508 (2003) abolished the common law tort of criminal conversation.

[3] The Tennessee Supreme Court retroactively abolished the tort of alienation of affections in *Dupuis v. Hand*, 814 S.W.2d 340 (Tenn. 1991), and the tort of criminal conversation in *Hanover v. Ruch*, 809 S.W.2d 893 (Tenn. 1991).

S.W.2d 189, 190 (Tenn. Ct. App. 1984) (citing *Rheudasil v. Clower*, 270 S.W.2d 345 (Tenn. 1954)). "Consortium is not a property right in one's spouse; rather, it is a right of each to the company, cooperation, affection, aid and support of the other." *Id.* (citing *Manning v. Mobile Aerial Towers, Inc.*, 359 F. Supp. 211 (E.D. Tenn. 1972)). Under prior law, to establish a prima facie case for criminal conversation, a plaintiff must prove the existence of a valid marriage between the spouses and sexual intercourse between the defendant and the plaintiff's spouse. *Hanover v. Ruch*, 809 S.W.2d 893 (Tenn. 1991) (citing *Rheudasil*, 270 S.W.2d 345 (Tenn. 1954); *Darnell v. McNichols*, 122 S.W.2d 808 (Tenn. Ct. App. 1938)).

In this case, the husband and son have filed suit against the paramour based on events stemming from the paramour's improper conduct with the wife. After construing the complaint liberally and taking all of Appellants' allegations of fact as true, we cannot say the trial court erred. First, we agree with the trial court that Husband's action is, in reality, an action in tort for the alienation of Wife's affections or for criminal conversation. Husband's entire claim is rooted in Appellee's inappropriate behavior with Wife, which falls within either or both of these abolished torts. Though the complaint makes no mention of a claim for alienation of affections or criminal conversation, we cannot allow Husband to circumvent an abolished tort by artful drafting. *See Cary v. Bourne*, No. 02A01-9511-CV-00263, 1997 Tenn. App. LEXIS 643, at *25-27 (Tenn. Ct. App. Sept. 23, 1997). Additionally, though Appellee's conduct is inappropriate and unacceptable, it has been previously held by this Court that an average member of the community would not find an adulterous affair to be so atrocious as to go beyond the bounds of decency. *Alexander v. Inman*, 825 S.W.2d 102, 105 (Tenn. Ct. App. 1991). Both of Appellants' claims must fail for this reason.[4] Therefore, we affirm the trial court's order granting Appellee's motion to dismiss.

## Conclusion

For the reasons stated above, we affirm the trial court's grant of Appellee's motion to dismiss for failure to state a claim. Costs of this appeal are taxed to Appellants, Richard A. Jones, Sr. and Richard A. Jones, Jr., and their surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[4] Though *Alexander v. Inman* concerned the question of outrageous conduct from the perspective of an innocent spouse and this case concerns a claim filed by the unfaithful spouse's adult child, we see no reason, and the parties make no argument, why this distinction would transform an adulterous affair into outrageous conduct.